FILED ___   X LODGED
___ RECEIVED ___ COPY

MAR 3 0 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DENNIS K. BURKE
United States Attorney
District of Arizona

DAVID A. PIMSNER
Assistant United States Attorney
Arizona State Bar No. 007480
MICHAEL T. MORRISSEY
Assistant United States Attorney
Arizona State Bar No. 012531
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
david.pimsner@usdoj.gov
mike.morrissey@usdoj.gov

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Michael Roy Turney,<br><br>                    Defendant. | No. CR 08-1493-PHX-SRB<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Michael Roy Turney, hereby agree to resolve this matter on the following terms and conditions:

**1.     PLEA**

The defendant will plead guilty to Count 2 of the indictment charging the defendant with Unlawful Possession of Unregistered Destructive Devices a violation of 26 United States Code (U.S.C.) §§ 5861(d) & 5871 , a Class C felony offense.

**2.     MAXIMUM PENALTIES**

a.     A violation of 26 U.S.C. §§ 5861(d) & 5871, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of up to three years.

b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.    AGREEMENTS REGARDING SENTENCING**

a.    No Agreements.  There are no agreements regarding the final sentence in the case. The parties are free to make any sentence recommendations to the Court they believe are appropriate.

b.    Acceptance of Responsibility.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

c.    No charges will be filed by the Maricopa County Attorney's Office pursuant to the terms set forth in Attachment A.

2

d.      If eligible, the government does not oppose the defendant being placed in a drug or alcohol treatment program at the Bureau of Prisons.  However, the decision to place the defendant in a program falls within the sole discretion of the Bureau of Prisons.  If the defendant is not placed in a treatment program, he will not be entitled to withdraw from the plea agreement.

**4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Counts 1, 3 and 4 of the Superceding Indictment in CR 08-1493-PHX-SRB

b.      This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the

3

1  defendant's sentence, including the manner in which the sentence is determined, including but

2  not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and

3  2255. The defendant acknowledges that if the Court has sentenced the defendant according to

4  the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral

5  attack, or other motion the defendant might file challenging the conviction, order of restitution

6  or forfeiture, or sentence in this case.

7  **7.    DISCLOSURE OF INFORMATION**

8      a.    The United States retains the unrestricted right to provide information and make

9  any and all statements it deems appropriate to the U.S. Probation Office and to the Court in

10  connection with the case.

11      b.    Any information, statements, documents, and evidence that the defendant provides

12  to the United States pursuant to this agreement may be used against the defendant at any time.

13      c.    The defendant shall cooperate fully with the U.S. Probation Office. Such

14  cooperation shall include providing complete and truthful responses to questions posed by the

15  U.S. Probation Office including, but not limited to, questions relating to:

16      (1)    criminal convictions, history of drug abuse, and mental illness; and

17      (2)    financial information, including present financial assets or liabilities that

18  relate to the ability of the defendant to pay a fine or restitution.

19  **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

20      Nothing in this agreement shall be construed to protect the defendant from administrative

21  or civil forfeiture proceedings or prohibit the United States from proceeding with and/or

22  initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties,

23  including restitution imposed by the Court, shall be due immediately upon judgment and subject

24  to immediate enforcement by the United States. If the Court imposes a schedule of payments,

25  the schedule of payments shall be merely a schedule of minimum payments and shall not be a

26  limitation on the methods available to the United States to enforce the judgment.

27  //

28  //

4

9.   **ELEMENTS**

Unlawful Possession of Unregistered Destructive Devices

On or about December 11, 2008, in the District of Arizona:

1.   The defendant knowingly possessed a destructive device; and

2.   The destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.

The term firearm includes a destructive device. 26 U.S.C. § 5845(a)(8).  The term destructive device includes any explosive, incendiary, or poison gas bomb. 26 U.S.C. § 5845(f)(1)(A).

10.  **FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On December 11, 2008, in the District of Arizona, I, Michael Roy Turney, did knowingly possess destructive devices, that is 26 pipe bombs more fully described in Count 2 of the Superseding Indictment, which are firearms as defined in Title 26, United States Code, Sections 5845(a)(8) and (f)(1)(A). Specifically, I knowingly possessed the 26 pipe bombs at my residence at 17218 N. 34th Street in Phoenix, Arizona. I did not register the pipe bombs in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841. I knew it was illegal to possess the pipe bombs without registering them.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have carefully read and reviewed every part of this agreement with my advisory attorney.  I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial

5

1  by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence

2  in my defense, to remain silent and refuse to be a witness against myself by asserting my

3  privilege against self-incrimination, all with the assistance of counsel, and to be presumed

4  innocent until proven guilty beyond a reasonable doubt.

5          I agree to enter my guilty plea as indicated above on the terms and conditions set forth

6  in this agreement.

7          I have been advised by my attorney of the nature of the charges to which I am entering

8  my guilty plea.  I have further been advised by my attorney of the nature and range of the

9  possible sentence and that my ultimate sentence shall be determined by the Court after

10 consideration of the advisory Sentencing Guidelines.

11         My guilty plea is not the result of force, threats, assurances, or promises, other than the

12 promises contained in this agreement. I voluntarily agree to the provisions of this agreement and

13 I agree to be bound according to its provisions.

14         I understand that if I am granted probation or placed on supervised release by the Court,

15 the terms and conditions of such probation/supervised release are subject to modification at any

16 time. I further understand that if I violate any of the conditions of my probation/supervised

17 release, my probation/supervised release may be revoked and upon such revocation,

18 notwithstanding any other provision of this agreement, I may be required to serve a term of

19 imprisonment or my sentence otherwise may be altered.

20         This written plea agreement, and any written addenda filed as attachments to this plea

21 agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any

22 such agreements exist, shall be recorded in a separate document and may be filed with the Court

23 under seal; accordingly, additional agreements, if any, may not be in the public record.

24         I further agree that promises, including any predictions as to the Sentencing Guideline

25 range or to any Sentencing Guideline factors that will apply, made by anyone (including my

26 attorney) that are not contained within this written plea agreement, are null and void and have

27 no force and effect.

28         I am satisfied that my defense attorney has represented me in a competent manner.

6

I fully understand the terms and conditions of this plea agreement.  I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

Date

MICHAEL ROY TURNEY
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.  I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3/20/10
Date

JEFFREY WILLIAMS
Advisory Attorney for Defendant

7

**APPROVAL OF THE UNITED STATES**

      I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

_March 30, 2010_
Date

DAVID A. PIMSNER
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

Date

HONORABLE SUSAN R. BOLTON
United States District Judge

8

*Attachment A*



# Maricopa County Attorney

### ANDREW P. THOMAS

301 WEST JEFFERSON STREET
PHOENIX, AZ 85003
www.maricopacountyattorney.org

Ph. (602) 506-5780
TDD (602) 506-4352
FAX (602) 506-7950

March 23, 2010

David A. Pimsner
Assistant United States Attorney
United States Attorney's Office
40 North Central Avenue; Suite 1200
Phoenix, Arizona 85004

Re:  Michael Roy Turney, Case Number CR-08-1493-PHX-SRB
      Phoenix Police Department Report Number 2001 10922334

Dear Mr. Pimsner:

Pursuant to our discussion regarding the possible settlement of the charges in *United States v. Michael Roy Turney*, Case Number CR-08-1493-PHX-SRB, if Mr. Turney agrees to plead guilty in your case, then the Maricopa County Attorney's Office will agree not to file charges against Mr. Turney for Unlawful Possession of Unregistered Destructive Devices, Unlawful Possession of Unregistered Silencers and Attempt to Damage or Destroy a Building by Fire or Explosives, conduct alleged in your Superseding Indictment dated June 2, 2009. The Maricopa County Attorney's Office will also agree not to file any charges regarding the fictitious driver's license and Social Security card seized during the execution of the search warrant at Mr. Turney's residence on December 11, 2008.

If Mr. Turney, does not enter a guilty plea in CR-08-1493-PHX-SRB, then this agreement is not binding on the Maricopa County Attorney's Office.

This agreement does not preclude the Maricopa County Attorney's Office from pursuing any charges not specifically listed above. Additionally, this agreement does not prevent the Maricopa County Attorney's Office from using any and all evidence or property seized from Mr. Turney's residence as a result of the search warrant executed on December 11, 2008 or discovered during the investigation of the charges listed in CR-08-1493-PHX-SRB in any possible future prosecutions not specifically listed in this agreement.

Sincerely,

ANDREW THOMAS
MARICOPA COUNTY ATTORNEY

Treena J. Kay
Deputy County Attorney